IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff-Respondent | § | |
| | § | CIVIL ACTION NO. H-05-1276 |
| v. | § | |
| | § | |
| CURTIS GREER, | § | (CRIMINAL NO. H-03-152-02) |
| | § | |
|     Defendant-Movant | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Curtis Greer, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 108 in Criminal No. H-03-152; Docket Entry No. 1 in CA H-05-1218). On August 3, 2005, the court entered an order granting petitioner's Motion to Supplement his § 2255 motion. (Docket Entry 124 in Criminal No. H-03-152). The supplement is contained in the Memorandum Brief in Support of Motion to Leave to Supplement filed on July 11, 2005 (Docket Entry No. 119 in Criminal No. H-03-152). Pending before the court is the Amended Motion to Dismiss or for Summary Judgment of the United States (Docket Entry No. 129). Having carefully reviewed the petitioner's motion, as supplemented, the government's Amended Motion to Dismiss or for Summary Judgment, and the petitioner's Traverse (Docket Entry No. 125 in Criminal No. H-03-152), the court

is persuaded that petitioner is not entitled to any relief and that the government's Motion for Summary Judgment should be granted.

Greer was found guilty of conspiring to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 (Count One) and possessing with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three) in connection with sales of cocaine base on December 5, and December 11, 2002.  Because the government filed a Notice of Information regarding Greer's two prior felony drug convictions (Docket Entry No. 54 in Criminal No. H-03-152) he was sentenced to life in prison on Count One.  Greer was sentenced to concurrent sentences of 188 months in prison on Counts Two and Three (Judgment, Docket Entry No. 86 in Criminal No. H-03-152).

The evidence of Greer's guilt, which included eye-witness testimony of law enforcement officers, and the testimony of co-defendant, Sherman Jones, was overwhelming.  As part of its case the government also offered video tapes, one showing certain activities related to the December 5, 2002, crack-cocaine purchase and another showing certain activities related to the December 11, 2002, crack-cocaine purchase.  Both video tapes were cumulative of the eye-witness testimony of law enforcement officers.

In his first claim for relief Greer contends that his trial and appellate counsel were ineffective in failing to develop

evidence and argue to the jury, and urge on appeal, that one or both of the video tapes had been tampered with by the government (Memorandum of Law in Support of Petition, Docket Entry No. 109 in Criminal No. H-03-152 at pp. 2-6).  This claim has no merit for two reasons.  First, Greer presents no credible evidence that either tape had been tampered with by the government.  Without such evidence there was no basis for Greer's trial or appellate counsel to have argued that either tape had been tampered with by the government.  More importantly, there is no evidence that even if there had been deficient performance on the part of Greer's trial or appellate counsel, that Greer suffered any prejudice from the deficiency.  The tapes were of minor significance in establishing Greer's guilt.  The primary evidence of Greer's guilt was the testimony of eye-witness law enforcement agents and co-defendant Jones.  Even if one or both tapes had been tampered with Greer has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different".  Strickland v. Washington, 104 S. Ct. 2052, 2068 (1984).

Greer next claims that his conviction should be set aside because he is actually innocent. (Memorandum of Law, Docket Entry No. 109 in Criminal No. H-03-152 at p. 6)  The court is familiar with the evidence at Greer's trial.  The court concludes that this

claim has no merit because the evidence of Greer's guilt was overwhelming.

In his third claim Greer alleges that the prosecutor obtained his conviction through perjured testimony and the use of a tampered video tape. (Memorandum of Law, Docket Entry No. 109 in Criminal No. H-03-152 at pp.6-8). Because Greer did not raise this claim on direct appeal he is procedurally barred from raising it in this § 2255 action unless he can show both cause for the procedural default and actual prejudice resulting from it. United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Because Greer does not offer any excuse for his failure to raise the issue on direct appeal he has failed to satisfy the cause and prejudice requirements that could excuse procedural bar. Even had Greer not defaulted on his prosecutorial misconduct claim he would not be entitled to relief on the claim because he has presented no credible evidence that the government presented perjured testimony at trial, that either video tape had been tampered with, or that either of the allegedly tampered video tape was basis for his convictions.

Greer next alleges that his Sixth Amendment right announced in United States v. Booker, 125 S. Ct. 738 (2005), was violated because the jury was not specifically instructed as to the weight of the drugs. (Memorandum of Law, Docket Entry No. 109 in Criminal No. H-03-152 at pp. 8-10). The argument is meritless for a number

of reasons. First, Greer was sentenced under the enhancement provisions of 21 U.S.C. § 841 and the notice provisions of 21 U.S.C. § 851. Section 841 requires a mandatory life term of imprisonment upon a third conviction following two prior drug felony convictions. The United States Notice of Information pursuant to § 851 listed Greer's prior 1994 and 1998 felony drug convictions. (Docket Entry No. 54 in Criminal No. H-03-152). Booker is not implicated by the imposition of an enhanced sentence under 21 U.S.C. § 851, which depends exclusively on the existence of prior drug felony convictions. See Booker, 125 S. Ct. at 756.

Greer was also sentenced to 188 months in prison on Counts Two and Three. He is not entitled to relief based on Booker or Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), as to those sentences for several reasons. First, the court submitted to the jury the issue of drug quantity for all counts of conviction (Jury Instructions, Docket Entry No. 63 in Criminal No. H-03-152 at pp. 13, 15). Second, the Supreme Court has not declared that the rules of constitutional law announced in Booker are made retroactive to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005). And finally, this court would not have sentenced Greer to a lesser sentence on Counts Two and Three had the court treated the sentencing guidelines as being merely advisory.

In his supplement Greer argues that the court abused its discretion in allowing the United States to use what Greer contends to be altered video tapes. (Memorandum Brief, Docket Entry No. 119 at pp. 1-3). This claim has no merit. As discussed above Greer has procedurally defaulted on this claim by not raising it on direct appeal and by failing to show that his procedural default is excused. Likewise, as explained above, Greer has failed to present any credible evidence that the video tape was altered or that Greer suffered any prejudice from its use at trial.

In his supplement Greer also argues that his trial counsel was ineffective in failing to call three witnesses at trial. (Memorandum Brief, Docket Entry No. 119 at pp. 4-7). The three witnesses would have testified that the driver's side window on Greer's maroon Bonneville was not operational on December 5 or December 11. Greer has not shown that his trial counsel was deficient in failing to call these witnesses for several reasons. First, he has not shown that he made his trial counsel aware of their existence and testimony before trial. Nor has Greer shown that the operating condition of the driver's side window on his Bonneville was relevant under the facts of this case. Finally, and most importantly, in light of the overwhelming evidence of Greer's guilt, he has failed to show that his trial counsel's failure to call the witnesses prejudiced him.

For the reasons stated above the Amended Motion for Summary Judgment of the United States (Docket Entry No. 129) is **GRANTED** and Greer's § 2255 Motion, as supplemented, is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of October, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE